IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARENCE ANTONIO AUSTIN,

                                               ORDER

                Petitioner,

                                           09-cv-244-bbc

     v.

SPEEDWAY GAS STATION and
WAL-MART,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Clarence Austin, a resident of Madison, Wisconsin, has filed a proposed civil action for monetary relief, in which he alleges that respondents Speedway Gas Station and Wal-Mart discriminated against him because of his race. Petitioner, who is acting pro se, asks for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit petitioner has given the court, I conclude that petitioner is unable to prepay the fee for filing this lawsuit.

      The next step is determining whether petitioner's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a respondent who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any

pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed petitioner's complaint, I conclude that he may not proceed at this time because his complaint violates Fed. R. Civ. P. 8. Accordingly, I will reserve ruling on the merits of his complaint until he corrects these violations.

OPINION

A. Rule 8

Petitioner's complaint does not meet the requirements of Fed. R. Civ. P. 8. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." In his complaint, petitioner contends that his rights were violated in numerous ways because of his race. For example, he contends that 1) a female Speedway clerk angrily approached him and physically bumped him when he was attempting to replace a damaged bag of potato chips with a new item, after another clerk already had given him permission to make the exchange; 2) the same female clerk falsely accused him of a crime and called the police to have him removed from the store; and 3) Madison police officers spoke to him in "abusive language," threatened to kill him, threw his Qur'an on the floor, twisted his arm behind his back while handcuffing him and brought him to the Dane County jail even though petitioner told them that he had been abused there and

2

that his health was in danger.

Although petitioner adequately explains what happened to him at the Speedway store, his complaint does not identify when the incident occurred, the people involved or what crime he was falsely accused of committing. Further, although most of the allegations in the complaint discuss the poor treatment that petitioner received from unidentified Madison police officers, petitioner does not name the individual officers as respondents. The complaint also fails to explain what respondent Wal-Mart allegedly did to violate petitioner's constitutional rights.

Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. Petitioner is free to file an amended complaint that clearly identifies who was involved in the alleged incident or is responsible for the alleged wrongdoing, describes the incident (including when it occurred) and explains how each person individually harmed petitioner or violated his federal statutory or constitutional rights.

### B. Rule 20

In addition, petitioner may encounter problems under Fed. R. Civ. P. 20, which prohibits a petitioner from asserting unrelated claims against different respondents or sets of respondents in the same lawsuit. Multiple respondents may not be joined in a single action unless the petitioner asserts at least one claim of relief against each respondent that

3

arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed.1978). Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against respondents in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20. Intercon Research Association, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure). This means that the core set of allowable respondents must be determined under Rule 20 before a petitioner may join additional unrelated claims against one or more of those respondents under Rule 18. In addition, under Rule 18, a party cannot join claims involving any respondent outside the group identified under Rule 20.

Petitioner appears to be raising claims against three sets of respondents:

Claim #1: Respondent Speedway Gas Station and one of its employees discriminated against him because of his race by refusing to allow him to exchange a food item, assaulting him, falsely accusing him of a crime and calling the police to remove him from the store.

Claim #2: Unidentified Madison police officers used excessive force against him in the course of seizing him and discriminated against him because of his race.

Claim #3: Respondent Wal-Mart harmed him in some way.

However, it is unclear whether his claims arise out of the same transaction and present

4

common issues of fact.  If petitioner chooses to file a proposed amended complaint, he should explain how his claims arose out of the same alleged incident.  If petitioner wishes to raise unrelated claims against different respondents, he will have to file a separate lawsuit for each unrelated claim.  Because petitioner has been found indigent, he will not have to prepay the filing fee for a second or third lawsuit.  However, he will incur a separate filing fee for any additional lawsuit that he chooses to bring.

In sum, because petitioner's complaint does not conform to the requirements of Rule 8, he may have until June 1, 2009, within which to submit a proposed amended complaint. If petitioner files a proposed amended complaint that complies with Rule 8 but has Rule 20 violations, I will sever the separate claims into separate lawsuits.  If petitioner fails to respond by June 1, 2009, I will close this case.

ORDER

IT IS ORDERED that:

1.  Petitioner Clarence Austin's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2.  Petitioner may have until June 1, 2009, in which to submit a proposed amended complaint that conforms to the requirements Fed. R. Civ. P. 8 and 20.  If, by June 1, 2009, petitioner fails to respond to this order, the clerk of court is directed to close this case for

petitioner's failure to prosecute.

    3.  If, by June 1, 2009, petitioner submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether petitioner may proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Entered this 12th day of May, 2009.

                            BY THE COURT:

                            /s/

                            _____
                            BARBARA B. CRABB
                            District Judge